NOV 20 2023

RECEIVED

LEAVE TO FILE GRANTED
*[signature]* *[illegible]* 11/29/2023

Mason J. Courson
Reg # 78637-509
FCI Coleman Low
PO Box 1031
Coleman, FL 33521-1031
FOR THE DEFENDANT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,               )
                                        )
          Plaintiff,                    )
                                        )
vs.                                     )  CAUSE NO. 21-CR-0035-RC-08
                                        )
MASON JOEL COURSON,                     )
                                        )
          Defendant.                    )

DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE

OR FOR COMPASSIONATE RELEASE

COMES NOW, Defendant Mason J. Courson, pro se, and pursuant to 18 U.S.C. § 3582(c), hereby moves this Court for a modification of an imposed term of imprisonment, and states as follows in support hereof:

I. BACKGROUND FACTS

Mr. Courson is asking that this Court grant him a sentence reduction based on the United States Sentencing Commission's ("USSC") new amendments to the United States Sentencing Guidelines ("USSG") §1B1.13,

-1-

which has given Mr. Courson a clear path to relief under the USSC's new category for "Other Reasons" and "Extraordinary and Compelling Reasons." As more fully explained below herein, because Mr. Courson's circumstances clearly fit within the new provisions of the USSG amendments, and because those amendments went into effect on November 01, 2023, this Court should grant Mr. Courson's request for a sentence reduction based on those revisions.

In essence, Mr. Courson is one of several individuals who went to the United States Capitol Building on January 06, 2021 to voice their displeasure at the results of the Presidential election and to exercise their right as an American citizen to peacefully protest. However, the protest went beyond that envisioned by Mr. Courson and as a result of the outcome of that activity, several people were injured and Mr. Courson was charged with a federal crime. Mr. Courson never intended to incite violence or to otherwise commit a crime.

Mr. Courson, under advice from trial counsel, elected to plead guilty to the criminal charge in this case. As a result of that plea of guilty, Mr. Courson was convicted of the crime.

On June 16, 2023, in the United States District Court for the District of Columbia, under cause of action number 21-CR-0035-RC-08, Mr. Courson was convicted of Assaulting, Resisting or Impeding Certain Officers While Using a Dangerous Weapon, or Aiding and Abetting in the same course of conduct, a felony, in violation of 18 U.S.C. § 111(a)(1) and (b)(2). Mr. Courson was sentenced to an imposed term of imprisonment of fifty-seven (57) months, to be followed by thirty-six (36) months of community supervision immediately following the completion of this prison

-2-

sentence.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Mr. Courson asserts that on November 01, 2023, he filed his administrative request for compassionate release to the Warden of FCI Coleman Low, Jason Gunther. A copy of this document is transmitted concurrently herewith for the Court's review and consideration.

With regard to compassionate release requests, Mr. Courson is only required to submit the request for compassionate release to the Warden of his facility and to allow the Warden thirty (30) days in which to respond to said request. The Warden's failure to respond to said request is deemed to be a denial of said request. If the Warden denies the request, or fails to timely respond to the said request within the thirty-day time frame, Mr. Courson may then proceed with the filing of a written request for compassionate release in his sentencing court. Mr. Courson is not required to proceed with additional filings or appeals through the Administrative Remedy Program at the Bureau of Prisons level.

Mr. Courson asserts that he has sought the required administrative relief from prison officials, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and that those remedies are now fully exhausted.

A. DEFENDANT IS ELIGIBLE FOR A SENTENCE REDUCTION UNDER THE REVISIONS AND AMENDMENTS TO THE UNITED STATES SENTENCING GUIDELINES.

A district court's authority to modify a defendant's sentence is permitted "only when authorized by a statute or rule." United States v. Puentes, 803 F.3d 597, 605-06 (11th Cir. 2015). The United States Congress enacted 18 U.S.C. § 3582(c)(1) in 1984 to "assure the availability of specific review and reduction of a term of imprisonment for 'extraordinary and compelling reasons'..." S. Rep. No. 98-225, at 121 (1984).

To reduce a sentence, the district court must (1) find that "extraordinary and compelling reasons warrant such a reduction"; (2) consider the 18 U.S.C. § 3553(a) factors "to the extent that they are applicable"; and (3) find that "a reduction is consistent with applicable policy statements issued by the Sentencing Commisison." See, 18 U.S.C. § 3582(c)(1)(A). Also, to warrant a reduction, all three conditions are necessary. United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021).

## Amendment 821 - Criminal History Calculations

The amendments put forth by the USSC under Amendment 821 addresses "Status Points" and enacts provisions to reduce status points in certain cases. As it relates to Mr. Courson, Amendment 821, Part A, eliminates all status points for offenders with six or less criminal history points. Mr. Courson is an offender who has been determined to have a Criminal History

-4-

Category of II, with a total of 3 criminal history point, and an offense level of 26. This offense level is a result of a 2-point enhancement for relevant conduct. However, it was argued by defense trial counsel at sentencing that the enhancement was twice applied, and as such, the final offense level should actually be Level 24. This subjected Mr. Courson to a sentencing guideline range of not less than fifty-seven (57) months and not more than seventy-one (71) months of imposed imprisonment.

It would also appear that Mr. Courson is an offender who had status points applied at the time of sentencing and that he is now an eligible offender to have all three of those "Status Points" removed from his sentencing calculations.

Part A of Amendment 821 to the USSG specifically articulates that there are no eligibility limitations under his part of Amendment 821 based on crime type, violence or weapons, and that offenders with six or less criminal history points are eligble to have all Status Points removed from their sentencing calculations and to be resentenced based on those factors.

Should the Court elect to remove all status points from Mr. Courson's criminal history calculations and resentence Mr. Courson with the revised sentencing guidelines and within the applicable guideline range, Mr. Courson would now be a Criminal History Category I, with 0 Criminal History Points, and a revised Final Offense Level of 22. This would now subject Mr. Courson to a sentencing guideline range of not less than forty-one (41) months and not more than fifty-one (51) months, and based on the Court's previous finding that the low-end of the applicable guideline reange was appropriate, it is anticipated that it is still appropriate and that a sentence of forty-one (41) months will be imposed.

## Amendment 814 - Compassionate Release Provisions

Amendment 814 put forth by the USSC specifically addresses the changes and revisions made to the compassionate release policy related to 18 U.S.C. § 3582(c)(1)(A). In this amendment, the USSC made changes that give offenders, such as Mr. Courson a more clear path for a sentence reduction under provisions of the compassionate release umbrella.

As it specifically relates to Mr. Courson, he is eligible for a sentence reduction of compassionate release pursuant to USSG §1B1.13(a)(5), Other Reasons.

As more particularly described in section III.B. below herein, Mr. Courson qualifies for compassionate release under "Other Reasons", insofar as he is a non-violent offender, that should be permitted to serve the remainder of his sentence in home detention. Mr. Courson is exactly the kind of offender that home detention was designed for, and to release him into home detention status, would conserve scarce federal resources. Mr. Courson would no longer be costing the federal government, and ultimately, tax payers, a small fortune related to the daily costs associated with incarcerating him.

In addition, Mr. Courson's criminal history would give him compelling reasons under the "Other Reasons" category. More specifically, Mr. Courson lacks a significant criminal history and the criminal history he does have, does not present a significant or serious threat to the public or to public safety.

-6-

B. DEFENDANT IS ELIGIBLE FOR A SENTENCE REDUCTION UNDER THE EXPANSION OF COMPASSIONATE RELEASE PROVISIONS PURSUANT TO THE FIRST STEP ACT OF 2018 AND THE SENTENCING COMMISSION'S NEW AMENDMENTS TO THE GUIDELINES.

Originally, a motion for compassionate release could be brought only by the Director of the Federal Bureau of Prisons ("BOP"), but the First Step Act of 2018, 115 Pub. L. No. 391 ("FSA") amended this provision to allow a defendant to do so after he has "fully exhausted all administrative remedies." FSA § 603(b)(1); 18 U.S.C. § 3582(c)(1)(A). For the purposes of a defendant-filed motion under 18 U.S.C. § 3582(c)(1)(A), the district court's discretion to find extraordinary and compelling circumstances are limited to those listed in the USSG §1B1.13. United States v. Bryant, 996 F.3d 1234, 1262 (11th Cir. 2021).

The United States Congress delegated authority to the USSC to "describe what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t). The USSC promulgated USSG §1B1.13, updated in 2016, stating that a district court may reduce a sentence:

> Upon motion of the Director of the BOP. . .; if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the Court determines that:
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
>
> (2) The defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g); and

-7-

> (3) The reduction is consistent with this policy
> statement.

USSG, App. C, Amend. 799 (effective November 01, 2016).

After several years of inaction, due to a lack of quorum, the USSC recently enacted new amendments to the guidelines that implement the FSA's relevant provisions by amending USSG §1B1.13 and its accompanying commentary. One of the new amendments revised the policy statement to reflect that 18 U.S.C. § 3582(c)(1)(A), as amended by the FSA, authorizes the defendant to move for a sentence reduction.

Another amendment by the USSC revised the list of extraordinary and compelling reasons within USSG §1B1.13 in several ways. Of relevance here, first, is the new amendment that moves the list of extraordinary and compelling reasons from the commentary to the actual guidelines itself as a new subsection, labeled as subsection (b).

Second, the new amendment revised the "Other Reasons" category currently found in Application Note 1(D) and expanded the scope of the category to apply to all motions filed under 18 U.S.C. § 3582(c)(1)(A), whether or not such motion is filed by the Director of the BOP, or by the individual defendant. The revised "Other Reasons" category also currently provides that extraordinary and compelling reasons exist under any of the circumstances, or a combination thereof, described in such categories.

In Mr. Courson's case, he is arguing that he qualifies for compassionate release under the "Other Reasons" section and that the Court

has discretion to grant him a sentence reduction.

Mr. Courson's case is one that was grossly overcharged, and as a result, he was grossly oversentenced. Mr. Courson received a lengthy sentence and although it does not qualify as a "unusually long sentence", Mr. Courson would submit that the sentence was lengthy compared to the actual crime committed in this case.

These new amendments have been in effect since November 01, 2023, and are retroactive in applicability.

## C. DEFENDANT MEETS THE 18 U.S.C. § 3553(a) CRITERIA FACTORS FOR COMPASSIONATE RELEASE, ALLOWING THIS COURT TO EXERCISE ITS DISCRETION TO REDUCE HIS SENTENCE.

Mr. Courson meets the criteria factors set forth in 18 U.S.C. § 3553(a) criteria for compassionate release where extraordinary and compelling reasons merit compassion. However, the Court must determine whether those factors support a reduction in sentence. United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021).

The applicable 18 U.S.C. § 3553(a) factors include, among others, the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant:
>
> (2) the need for the sentence imposed ---
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a) requires a sentencing court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the purpose of sentencing.

Prior to incarceration in this matter, Mr. Courson was a normal, every day citizen. Mr. Courson was a small-business owner, who paid his due taxes and otherwise contributed to his community in a lawful and meaningful manner. In addition to that, Mr. Courson attained his college degree in business administration prior to incarceration. Also, Mr. Courson attained his General Education Diploma (GED) prior to receiving his college degree.

As mentioned above herein, Mr. Courson is a father of a young child, who is four (4) years old. This child depends upon Mr. Courson and the period of time in which Mr. Courson is spending incarcerated is affecting this child.

Mr. Courson would further advise the Court that he will not return to criminal behavior upon his release from incarceration and is not otherwise a danger to the community in which he will reside, or to society as a whole. This assertion is further supported because since the beginning of Mr. Courson's incarceration, he has maintained an impeccable

-10-

record inside of the prison setting and has earned the privilege of serving his sentence at a low-security facility.

Mr. Courson would further state to the Court that his familial relationships are extremely important to him and to his rehabilitative efforts. Specifically, throughout Mr. Courson's incarceration, he has maintained meaningful and significant relationships with his mother, father, young son, and other family members, and has continued to nurture those relationships by maintaining regular and consistent contact with these individuals via telephone calls, emails and letters.

Mr. Courson would further state to the Court that he anticipates going to Weston, Florida. Mr. Courson will return to living in a family setting with his mother, sister, young niece, brother and his young son. Mr. Courson and these individuals will reside in his mother's family home. Mr. Courson implores the Court to understand that his family is the center of his life and the focal point of his ambitions and attention.

Despite Mr. Courson's sentence in comparison to his crime, Mr. Courson has remained positive and has refused to succumb to a hopeless and negative attitude. Instead of acting out and involving himself in destructive behaviors, Mr. Courson has instead focused on bettering himself and strengthening the relationships he maintains with his parents, siblings, minor child, and other loved ones.

Finally, while incarcerated, Mr. Courson has also focused on perfecting his work-related skills and abilities to increase his chances of securing lawful and meaningful employment upon his release in the community in which he will reside in.

For these reasons, and all of the the other reasons stated herein, Mr. Courson would submit to the Court that he meets, or exceeds, the relevant criteria factors set forth in 18 U.S.C. § 3553(a), and as such, the Court is implored to grant him compassionate release in the instant cause of action.

## IV. REHABILITATIVE EFFORTS

During Mr. Courson's incarceration, he has signed up to be placed on the waiting list for all available rehabilitative programming classes that are offered at FCI Coleman Low in an effort to rehabilitate himself. Mr. Courson will participate in each of these programs when he reaches the top of each wait list.

Mr. Courson would offer to the Court that due to funding and staffing shortages, the available programs are limited and inthose limited programs, the number of offenders that can attend each class are also severely limited. As a result, the BOP has formulated a quasi-system to place offenders into the programs based upon the offender's anticipated release date and the individual offender's criminogenic needs. As such, offenders with shorter sentences than Mr. Courson will be moved ahead on the wait list to attend the available programs before Mr. Courson will be permitted to do so.

Mr. Courson has registered, and is on the active waiting list for, the following programs:

    (a)   Victims Impact;

    (b)   Anger Management;

    (c)   Trauma Recovery;

    (d)   Stress and Resilience;

    (e)   Corrective Thinking (TruThought);

    (f)   Effective Father's Parenting Class;

    (g)   Non-Residential Drug and Alcohol Program (RDAP);

    (h)   Emotional Self-Reliance;

    (i)   Cognitive Skills; and

    (j)   Drug Education Class.

Mr. Courson's self-motivation to register for these programs, which are all effective classes to enhance an offender's rehabilitation, further substantiates Mr. Courson's claim of efforts toward rehabilitation and Mr. Courson would request that the Court take special judicial notice of those efforts. Afterall, the primary and key reason for the imposition of most, if not all, prison sentences is to rehabilitate offenders so that they do not reoffend upon their release from custody.

## V. CONCLUSION

WHEREFORE, for the above and foregoing reasons, and in reliance upon the record, Mr. Courson would request that the Court:

1. Grant Mr. Courson a reduction of sentence, in accordance with the new and revised applicable sentencing guidelines;

2. Grant Mr. Courson compassionate release, as requested above herein, to allow Mr. Courson to serve the remainder of his imposed

sentence under home detention/confinement;

3. Set this matter for a hearing so that Mr. Courson can further argue this request, and to hold such a hearing by telephone or video means; and

4. Grant any further and additional relief that the Court deems just, fit and proper.

DATED this __13__ day of November, 2023.

Mason J. Courson, Defendant, pro se
Reg #78637-509
FCI Coleman Low
PO Box 1031
Coleman, FL 33521-1031

### DISCLOSURE FROM NON-ATTORNEY PETITION PREPARER

This form/document was prepared for the Defendant, whose name is Mason J. Courson, and this form was completed with the assistance of the following non-attorney petition preparer:

NAME OF INDIVIDUAL: David A. Jackson-Mackay

NAME OF ORGANIZATION: Justice Reform Network, LLC
                     Region III Office

ADDRESS:     Post Office Box 22043
             Cheyenne, WY 82003-2000

TELEPHONE: (323) 230-8700 Ext. 201

E-MAIL: justice@justicedefender.org

DATED this __13th__ day of November, 2023.

David A. Jackson-Mackay,
Non-Attorney Petition Preparer

-14-

## DECLARATION OF MAILING

Defendant is an inmate confined at FCI COLEMAN LOW, a federal penal institution. On November 13, 2023, the Defendant is depositing the foregoing DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE OR FOR COMPASSIONATE RELEASE was mailed to the Clerk of the United States District Court on this 13 day of November, 2023, and that upon its filing by the Clerk of Court, said document was served upon all interested parties via the Court's CM/ECF system, as authorized by Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.

Mason J. Courson, Defendant, pro se

-15-