Mason J. Courson
Reg #78637-509
FCI Coleman Low
PO Box 1031
Coleman, FL 33521-1031
FOR THE DEFENDANT



JAN 22 2024

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

LEAVE TO FILE GRANTED

1/29/2024

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, )
)
            Plaintiff, )
)
vs. )         CASE NO.1:21-CR-0035-RC-08
)
MASON JOEL COURSON, )
)
            Defendant. )

## DEFENDANT'S REPLY TO THE UNITED STATES' OPPPOSITION TO DEFENDANT'S MOTION FOR A REDUCTION IN SENTENCE OR FOR COMPASSIONATE RELEASE

**COMES NOW**, Defendant Mason J. Courson, pro se, and hereby files his response to the United States' Opposition to Defendant's Motion for a Reduction in Sentence or for Compassionate Release (hereinafter "Government's Response") (Doc. 402), which was filed on December 29, 2023, and was received by Mr. Courson on January 09, 2024. In support hereof, Mr. Courson states as follows:

### INITIAL MATTERS

Mr. Courson would assert that the background facts and procedural history of this case was adequately outlined both in his Motion for Reduction in Sentence or for Compassionate Release (hereinafter "Motion")

-1-

(Doc. 384), which was filed by the Clerk of Court on November 29, 2023, and in the Government's Response (Doc. 402), which was filed by the Clerk of Court on December 29, 2023. Therefore, for brevity purposes, Mr. Courson will not re-articulate that information herein.

## REPLY TO ARGUMENT(S) IN OPPOSITION

### A. AMENDMENT 821'S APPLICABILITY TO MR. COURSON

In the Government's Response (Doc. 402), the Government argues that 18 U.S.C. §3582(c)(2) provides that the Court may only reduce a sentence after considering the 18 U.S.C. §3553(a) factors. (Doc. 402 at p.4, ¶2). However, Mr. Courson would aver that such argument is misplaced. Specifically, §3553(a) factors are only to be considered in motions to reduce sentences based on compassionate release requests, also known as Amendment 814 of the United States Sentencing Guidelines ("USSG") Manual.

Next, the Government argues that Amendment 821 of the USSG Manual only provides relief for offenders who have seven or more criminal history points. (Doc. 402 at p.4, ¶3). Again, the Government's argument is misplaced and incorrect. Amendment 821 specifically provides a three-tiered relief system, known as Part A, Part B and Part C. First, offenders with SIX OR LESS CRIMINAL HISTORY POINTS are entitled to removal of ALL STATUS POINTS used in their criminal history calculations.

Second, offenders with SEVEN OR MORE criminal history points, are entitled to a one-point reduction from their criminal history calculation.

In Mr. Courson's case, he was an offender with three criminal history points, and as such, he is entitled to receive a removal of ALL

-2-

STATUS POINTS. This provision of Amendment 821 does not have any eligibility criteria and applies to all offenders, regardless of their instant offense or past criminal conduct.

Next, the Government argues that Amendment 821 provides for a 2-level reduction in offense levels for certain offenders. (Doc. 402 at p.5, ¶4). The Government is correct on this assertion and Mr. Courson does not argue that point. This section of Amendment 821 is referred to as "Amendment 821, Part B", to which Mr. Courson did not seek relief for within his Motion (Doc. 384).

Next, the Government argues that any reduction of sentence cannot be ordered prior to February 01, 2024. (Doc. 402 at p.5, ¶2). Again, the Government is mistaken. Amendment 821 of the USSG Manual went into effect on November 01, 2023 and any Order for a reduction in sentence may be entered on or after that date, but such orders are NOT ENFORCEABLE until February 01, 2024. There is no rule, law or guidance that states that courts are not permitted to enter a decision on a motion prior to that date. In fact, several courts have already entered orders that reduced defendants' sentences, including courts within the Eleventh Circuit.

Next, the Government argues that Mr. Courson had four prior convictions. (Doc. 402 at p.5, ¶4). However, that assertion is mischaracterized by the Government. One of the convictions that the Government referenced was actually a "simple battery", and not "resisting arrest by pushing, kicking, punching, shoving an officer", as the Government articulated. The charge for battery on a police officer against Mr. Courson was dismissed in that case as a result of police misconduct by

-3-

those very same officers involved in the alleged incident. This dismissal and the circumstances of the case were not accurately reflected by the Government at the time of sentencing in the instant cause of action.

In addition, the Government further recapped Mr. Courson's sentencing calculations in the Government's Response. (Doc. 402 at p.5, ¶3). In this calculation, the Government reveals that Mr. Courson received enhancements under USSG Manual §2A2.2(b)(2)(B); USSG Manual §2A2.2(b)(3)(A); and §2A2.2(b)(7). This resulted in a total offense level increase of 9 levels.

However, the enhancement under USSG Manual §2A2.2(b)(2)(B) for use of a Dangerous Weapon and USSG Manual §2A2.2(b)(7) for having a conviction under 18 U.S.C. §111(b) are the same in nature, and as such, constitutes a "double enhancement" for the purposes of sentencing. Therefore, Mr. Courson would state that he is entitled to receive a four-level reduction of his offense level because it is improper and contrary to law to provide a double-enhancement for the same conduct.

In the Government's Response (Doc. 402), the Government argues that Mr. Courson is not affected by the revisions to USSG Manual §4A1.1. See, Doc 402 at p.6, ¶2. However, the Government is mistaken in this regard. The reduction in offense levels will most certainly reduce Mr. Courson's sentencing exposure, and therefore, he would be subject to a lower sentencing guideline range. In addition, the law is clear that when a court provides a downward departure at the original sentencing and a change in law occurs that affects a defendant's sentencing exposure, then the defendant is entitled to a new sentencing hearing and the same

-4-

downward variance should be applied to the new sentencing guideline range.

Further, in the Government's Response (Doc. 402), the Government stated that Mr. Courson was "convicted of assaulting a police officer by striking him with a baton." (Doc. 402 at p.6, ¶3). Once again, the Government has made a misleading and incorrect statement. The video footage in this matter shows that Mr. Courson swung a baton one time and that it did not conclusively show that the baton struck any person or object. In fact, Mr. Courson plead guilty to impeding an officer, not assault or resisting. It is crucial that the Court recognize the difference between these two charges.

The video footage produced of the events surrounding the incident that occurred on January 06, 2021 reveal that Mr. Courson did not strike anyone, including any officer. The Government stated that "it must be assumed that Mr. Courson struck an officer." However, that characterization of those events cannot be tolerated. The Government cannot be permitted to make unfounded assertions, assumptions, accusations or insert opinions, based solely on what they think might have happened.

Despite Mr. Courson entering into a plea agreement in this matter, Mr. Courson still maintains that he never struck any other person, including any officer, with a baton, weapon or any other object. Mr. Courson does not deny that he handled a baton, but he strongly objects to the characterization that he struck an officer. It is not a criminal act to simply possess a baton; the criminal act only occurs when that baton is used as a weapon to inflict actual injury upon another person, which did NOT occur in this case.

the Motion" (Doc. 402 at p.8, ¶3) and "On December 29, 2023, BOP informed
the government that it did not have any request for a reduction in
sentence from the defendant in its system." (Doc. 402 at p.8, ¶3 and p.9,
¶1). However, Mr. Courson would assert that a Reduction In Sentence
Application form to FCI Coleman Low Warden Jason Gunther was submitted on
November 01, 2023. Warden Gunther's failure to docket, or respond to, said
document should in no way hinder Mr. Courson's request.

Mr. Courson would further assert that Warden Gunther failed to
timely respond to said request, and that after the expiration of the
permitted thirty (30) day response timeframe, Mr. Courson proceeded to the
Court with his application for compassionate release.

Based on the above information, Mr. Courson would aver that the
Government was incorrect and that he did in fact exhaust the required
administrative remedies.

Next, in the Government's Response (Doc. 402), the Government
alleged that Mr. Courson has a previous conviction for agressively
resisting arrest. (Doc. 402 at p.9, ¶3). However, the Government is once
again intentionally misleading the Court and providing inaccurate
information. The charge for resisting arrest referenced by the Government
was DISMISSED by the prosecution in that case, and that being said, Mr.
Courson would assert that it should have never been brought up in the
instant cause of action. Mr. Courson was never found guilty of that charge
and had that charge not been voluntarily dismissed by the prosecution, Mr.
Courson would have without a doubt taken that case to trial and would have
almost certainly received a not guilty verdict from the jury.

-8-

at p.12, ¶2). If the statement were to be recited by the Government in its entirety, the Court would come to understand that (1) Mr. Courson did not author, create, edit or otherwise dictate the specific statement on the website; and (2) the entire statement reflects that the author of the statement perceives Mr. Courson to have been a victim of the Government's over-zealousness and that the author feels jaded by the Government's conduct in this matter.

The statement on the public website reads as follows:

"Mason was arrested on December 14, 2021 like many others for Jan 6. However, he, like only a few, was held without bond. He was sentenced to 57 months and this account is to help with his commissary and all other expenses throughout his incarceration at FCI Coleman Low in FL. We have had major life changing expenses from legal fees, commissary, phone, travel, and so forth, that have debilitated us. Mason lost everything he had. His home, car, credit and time with his now 4 yr old son and family. He is labeled a terrorist and our concern for what his life may be and the difficulty of him reestablishing himself because of this all consumes us. Like most J6ers, Mason went to listen to his President speak and the rest is history. But, his life has been ruined and his Constitutional rights taken away because of his views and beliefs in standing for freedom and democracy. Any help is beyond appreciated. Please view my pages on Truth and Twitter. I am @J6PatriotMom on both social media platforms. God Bless you and God Bless this beautiful nation of ours that is under so much attack from within. We need more prayer and change.

Again, Mr. Courson did not write the statement and the statement does not necessarily reflect Mr. Courson's view or ideas. Mr. Courson cannot be held responsible or accountable for the statements, views, ideas or actions of any other person.

Further, the author of the public statements is Mr. Courson's mother, who is not a defendant in this case, or any other case. Ms. Rea is

## CONCLUSION

**WHEREFORE,** based on the above and foregoing, as well as the arguments in Mr. Courson's Motion (Doc. 384), Mr. Courson would request that the Court overrule the Government's objections and grant Mr. Courson the relief he requested within his Motion (Doc. 384). Mr. Courson is an ideal candidate for release under compassionate release and home detention, and is not a danger to the community, or to society as a whole.

DATED this __18th__ day of January, 2024.

Mason J. Courson, Defendant
Reg #78637-509
FCI Coleman Low
PO Box 1031
Coleman, FL 33521-1031

## DECLARATION OF MAILING

Defendant is an inmate confined at FCI COLEMAN LOW, a federal penal institution. On January __18__, 2024, the Defendant is depositing the foregoing DEFENDANT'S REPLY TO THE UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR A REDUCTION IN SENTENCE OR FOR COMPASSIONATE RELEASE. It was mailed to the Clerk of the United States District Court on this __18__ day of January, 2024, and that upon its filing by the Clerk of Court, said document was served upon all interested parties via the Court's CM/ECF system, as authorized by Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.

Mason J. Courson, pro se